UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

KATHY HERRON,

    Plaintiff,                                  Case No. 2:09-CV-12782-PJD-VMM
                                                     Hon. Patrick J. Duggan

v.

WILSHIRE CREDIT CORPORATION,

    Defendant.
_____/

| ADAM G. TAUB & ASSOCIATES | HERTZ SCHRAM PC |
|---|---|
| CONSUMER LAW GROUP PLC | Ari M. Charlip (P57285) |
| Adam G. Taub (P48703) | Amy Sabbota Gottlieb (P67020) |
| 18930 W. Ten Mile Road, Suite 2500 | Attorneys for Defendant Wilshire Credit Corporation |
| Southfield, MI 48075 | 1760 South Telegraph, Suite 300 |
| Phone: (248) 746-3790 | Bloomfield Hills, MI 48302 |
| Email: adamgtaub@clgplc.net | Phone: (248) 335-5000 |
| | Email: acharlip@hertzschram.com |
| | agottlieb@hertzschram.com |

_____/

## STIPULATED PROTECTIVE ORDER

It appears that the parties maintain a significant volume of records which may be subject to discovery and that some of the documents and other discovery materials to be produced in this matter may contain confidential or proprietary information. The public interest in the prompt and orderly administration of justice requires that discovery requested in this matter proceed as expeditiously and with as little discovery controversy and judicial involvement as possible. The Court wishes to establish procedures which are fair to the parties and which will foster cooperation in discovery and expeditious access to discovery documents of relevance to the matter. The parties have stipulated to entry of this Protective Order, and the Court is otherwise fully advised in the premises.

        **IT IS HEREBY ORDERED** as follows:

1.  This Order shall govern all documents and other discovery materials provided by any party in response to any method of discovery conducted by any party under the Federal Rules of Civil Procedure and Michigan Court Rules. This Order shall not apply to any information contained in any document or other discovery materials that is a matter of public record or that is obtained from a source other than the discovery materials to which this Order applies.

2.  Any document or other discovery materials produced by any party to this matter (the "Producing Party") to any other party (the "Discovering Party") that has been designated "CONFIDENTIAL" as set forth herein, shall be used by the Discovering Party only for purposes of this matter and for no other purpose. The Discovering Party shall not make such documents or other discovery materials, or the information contained therein, available to any person except:

    (a) Such employees, former employees and agents of the Discovering Party as are involved in prosecuting or defending this matter;

    (b) Attorneys engaged or employed by the Discovering Party and their supporting staff;

    (c) Any expert witness, consultant or other person or firm engaged by the Discovering Party or its attorney to assist in connection with this matter;

    (d) Case evaluators, mediators and arbitrators;

    (e) State or federal regulatory or law enforcement agencies as required by law; and

    (f) As otherwise ordered by a Court of appropriate jurisdiction.

3. Subject to paragraph 7 hereof, nothing in paragraph 2 hereof shall prevent parties from using documents or other discovery materials received in discovery, or the information contained therein, in any proceeding in this matter, including but not limited to:

    (a) Preparing for, taking, and/or transcribing discovery depositions;

    (b) Motions, briefs, pleadings and case evaluation/mediation summaries;

    (c) Argument before the Court; and

    (d) Trial or appeal.

4. During the course of discovery, any party may designate as "CONFIDENTIAL" certain documents produced in response to discovery requests propounded by another party and certain deposition testimony. Documents and deposition testimony may be designated as "CONFIDENTIAL" if they contain trade secrets or other confidential research, development, or commercial information.

5. The designation of material as CONFIDENTIAL for purposes of this Stipulated Protective Order shall be made by affixing the legend CONFIDENTIAL to each page containing any CONFIDENTIAL material, except that in the case of multi-page documents bound together by staple, produced in a box or on computer disc, the word CONFIDENTIAL need only be stamped on the first page of the document, on the outside of the box or on the exterior of the disc in order for the entire series of documents to be treated as CONFIDENTIAL. Producing documents for inspection prior to copying without designating them CONFIDENTIAL shall not be a waiver of the right to designate the documents as CONFIDENTIAL when copies are produced. Thereafter, all copies of CONFIDENTIAL documents must bear the same CONFIDENTIAL designation.

6. Deposition testimony may be designated as CONFIDENTIAL by notifying the other parties and the court reporter on the record during the deposition or by notifying the other

parties in writing and within seven days of receipt of the transcript, as to the portions of the transcript so designated. Until expiration of the seven day period, the entire transcript shall be treated as CONFIDENTIAL.

7. Any party can file a motion with the Court challenging the CONFIDENTIAL designation of any particular document or testimony. Before filing such a motion, the challenging party shall attempt to resolve the challenge with the Producing Party. Documents, testimony, or information claimed to be CONFIDENTIAL that is subject to a dispute as to whether it is in fact CONFIDENTIAL shall, until further Order of the Court, be treated as CONFIDENTIAL in accordance with the provisions of this Order.

8. At the conclusion of this matter, all documents, including copies, produced in discovery and in the possession of the Discovering Party or any other person to whom such documents were made available by the Discovering Party, shall be returned to the Producing Party unless parties reach agreement on other arrangements for the disposition of such documents.

9. Nothing in this Order shall diminish or waive the attorney-client privilege, the attorney work product privilege, or other applicable protection from, or objection to, discovery or any other objection to admissibility at a hearing or trial.

10. The inadvertent or accidental disclosure of CONFIDENTIAL material shall not be deemed a waiver in whole or in part of a claim of confidentiality either as to the specific document(s) or information disclosed or as to other documents or information relating thereto or of the same or related subject matter. Upon the request of the Producing Party, any document or discovery material that is inadvertently or accidently produced without being designated CONFIDENTIAL shall promptly be stamped CONFIDENTIAL by the parties.

11. This Order may be modified upon written stipulation of the parties, or by the Court upon motion of any party, for good cause shown, and nothing in this Order shall preclude any party from seeking or obtaining additional or different protection with respect to any discovery material which it believes is CONFIDENTIAL.

12. The provisions of this Order shall survive the conclusion of this case.

> s/Patrick J. Duggan
> Patrick J. Duggan
> United States District Judge

Dated: February 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2010, by electronic and/or ordinary mail.

> s/Marilyn Orem
> Case Manager

The parties to this action, by their respective attorneys, hereby stipulate to entry of the above Order.

Dated: February 8, 2010

/s/ Adam G. Taub
_____
ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP PLC
Adam G. Taub (P48703)
Attorney for Plaintiff
18930 W. Ten Mile Road, Suite 2500
Southfield, MI 48075
Phone: (248) 746-3790
Email: adamgtaub@clgplc.net

Dated: February 8, 2010

/s/ Amy Sabbota Gottlieb
_____
HERTZ SCHRAM PC
Ari M. Charlip (P57285)
Amy Sabbota Gottlieb (P67020)
Attorneys for Defendant Wilshire Credit Corporation
1760 South Telegraph, Suite 300
Bloomfield Hills, MI 48302
Phone: (248) 335-5000
Email: acharlip@hertzschram.com
       agottlieb@hertzschram.com